UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
DISTRICT OF NEVADA
LLOYD D. GEORGE  U. S. COURTHOUSE
333 LAS VEGAS BOULEVARD SOUTH
LAS VEGAS, NEVADA 89101
(702) 464-5400

# SEALED

LANCE S. WILSON
CLERK OF COURT

CYNTHIA J. JENSEN
CHIEF DEPUTY, LAS VEGAS

JAKE HERB
CHIEF DEPUTY, RENO

August 14, 2007

Clerk, United States District Court
District of Columbia
1225 E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, N. W.
Washington, DC  20001

**FILED**

**AUG 1 7 2007**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RE:    United States vs.  Michelle Wong

Your Case No: 07-307-M-01
Our Case No: 2:07-MJ-00460-LRL and 2:07-CV-01024-JCM-LRL

Dear Clerk:

Enclosed please find certification of the complete file as of August 14, 2007, in the above referenced case.

_X_  *Original Bond papers enclosed*

Please acknowledge receipt of the above documents by signing the enclosed copy of this letter and returning it to this court.

Thank you.

LANCE S. WILSON, Clerk
United States District Court

_____/s/ Karen Richardson_____
Magistrate Support Clerk

Enclosures

**Receipt of certified copies in the above referenced case is hereby acknowledged this ___ day of _____, 2007.**

By:_____

UNITED STATES OF AMERICA
DISTRICT OF NEVADA, LAS VEGAS

**CERTIFICATE OF THE CLERK**

I, Lance S. Wilson, Clerk of the United States District Court for the District of Nevada, do hereby certify that the accompanying documents listed in the attached docket sheet are original documents, or are true and correct copies of the original documents, filed in this Court and are the documents from which the docket entries have been made, and that they constitute the entire record herein:

Case Number: *2:07-mj-460-LRL*

In witness whereof, I have hereunto set my hand and affixed the Seal of said District Court this *14th* day of  August , 2007.

LANCE S. WILSON,

CLERK OF THE COURT

By: *[signature]*
Karen Richardson, Deputy Clerk

CLOSED

# United States District Court
## District of Nevada (Las Vegas)
## CRIMINAL DOCKET FOR CASE #: 2:07-mj-00460-LRL-LRL All Defendants
## Internal Use Only

Case title: USA v. Wong

Other court case numbers: 07-307-M-01 U.S. District Court
for the District of Columbia
2:07-cv-01024-JCM-LRL
Magistrate Appeal

Date Filed: 07/24/2007

Date Terminated: 08/14/2007

Assigned to: Magistrate Judge
Lawrence R. Leavitt
Referred to: Magistrate Judge Lawrence
R. Leavitt

### Defendant

**Michelle Wong** (1)
*TERMINATED: 08/14/2007*

represented by **David Z. Chesnoff**
520 S. Fourth St.
Las Vegas, NV 89101-
702-384-5563
Fax: 702-598-1425
Email: dzchesnoff@gcklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Heather Fraley**
Federal Public Defender
411 East Bonneville Avenue
Las Vegas, NV 89101
702-388-6577
Fax: 702-388-5819
Email: heather_fraley@fd.org
*TERMINATED: 08/01/2007*
*Designation: FPD*

**Richard A Schonfeld**
.
520 S. 4th St.
Las Vegas, NV 89101-
702-384-5563
Fax: 702-
Email: rschonfeld@gcklaw.com
*ATTORNEY TO BE NOTICED*

**Pending Counts**                                    **Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**                                 **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                        **Disposition**

None

---

**Plaintiff**

**USA**                                represented by **Kimberly M Frayn**
                                                       U.S. Attorney's Office
                                                       333 Las Vegas Blvd So
                                                       Suite 5000
                                                       Las Vegas, NV 89101-
                                                       Email: kimberly.frayn@usdoj.gov
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 07/24/2007 | ●1 | MINUTES OF PROCEEDINGS - Initial Appearance in Rule 5(c)(3) Proceeding as to Michelle Wong held on 7/24/2007 before Judge Lawrence R. Leavitt. Crtrm Administrator: *Alana Kamaka*; AUSA: *Kimberly Frayn*; Def Counsel: *Heather Fraley and Raquel Lazo, AFPd*; PTS: *Michael Baker*; Court Reporter/FTR #: *3:31-4:11*; Time of Hearing: *3:00 p.m.*; **Defendant is present, in custody.** Government objected to any information contained in the defendant's financial affidavit, but has no objection to the Federal Public Defender's Officer being appointed to represent the defendant today. Financial Affidavit filed. **For purposes limited to the nature of this matter, the Federal Public Defenders Office for Michelle Wong appointed as defense counsel with no implication as to whether defendant qualifies for counsel in Washington when she gets there.** Waiver of Identity Hearing filed. **ORDERED defendant identified as named defendant in indictment/complaint and is held to answer in the District of Columbia.** Government moves for detention. Defense argues. |

| | | |
|---|---|---|
| | | **FURTHER ORDER defendant DETAINED and is remanded to custody. (Commitment and Detention Orders filed separately.)** Rule 5 deadline set for 8/7/2007.**(no image attached)** (Copies have been distributed pursuant to the NEF - AKK) (Entered: 07/24/2007) |
| 07/24/2007 | ◑2 | Rule 5(c)(3) Documents Received as to Michelle Wong. Documents received from District of Columbia include Order for warrant. (KCR) (Entered: 07/26/2007) |
| 07/24/2007 | ◑3 | COMMITMENT TO ANOTHER DISTRICT as to Michelle Wong. Defendant committed to District of of Columbia. Signed by Judge Lawrence R. Leavitt on 7/24/07. (Copies have been distributed pursuant to the NEF - KCR) (Entered: 07/26/2007) |
| 07/25/2007 | ◑4 | *SEALED* **SEALED** FINANCIAL AFFIDAVIT by Michelle Wong (KCR) (Entered: 07/26/2007) |
| 07/25/2007 | ◑5 | WAIVER of Rule 5(c)(3) Hearings by Michelle Wong (KCR) (Entered: 07/26/2007) |
| 07/25/2007 | ◑6 | ORDER APPOINTING COUNSEL as to Michelle Wong. FPD appointed as counsel for Defendant, subpoenas issued upon request with exception to out of state subpoenas which will require court approval. Signed by Judge Lawrence R. Leavitt on 7/24/07. (Copies have been distributed pursuant to the NEF - KCR) (Entered: 07/26/2007) |
| 07/31/2007 | ◑7 | ORDER OF DETENTION as to Michelle Wong. Defendant shall be detained pending trial. Signed by Judge Lawrence R. Leavitt on 7/31/07. (Copies have been distributed pursuant to the NEF - KCR) (Entered: 07/31/2007) |
| 08/01/2007 | ◑8 | DESIGNATION of Retained Counsel by David Z. Chesnoff on behalf of Michelle Wong (Chesnoff, David) (Entered: 08/01/2007) |
| 08/01/2007 | ◑9 | OBJECTION to 7 Detention Order ; *Renewed Motion for Release* by Michelle Wong (Attachments: # 1 Exhibit A)(Chesnoff, David) (Entered: 08/01/2007) |
| 08/02/2007 | ◑10 | NOTE as to Michelle Wong: 9 Objection to 7 Detention Order is being handled as an Appeal of a Magistrate Order. Please see *2:07-CV-01024-JCM-LRL* for all filing pertaining to this appeal. **(no image attached)** (ASB) (Entered: 08/02/2007) |
| 08/03/2007 | ◑11 | NOTICE OF HEARING as to Michelle Wong: Bail Hearing set for 8/6/2007 02:00 PM in LV Courtroom 3C before Magistrate Judge Lawrence R. Leavitt. **(no image attached)**(CAP) (Entered: 08/03/2007) |
| 08/06/2007 | ◑12 | STIPULATION *and Proposed Order* by Michelle Wong (Schonfeld, Richard) (Entered: 08/06/2007) |
| 08/06/2007 | ◑13 | MINUTES OF PROCEEDINGS - Detention Hearing as to Michelle Wong held on 8/6/2007 before Judge Lawrence R. Leavitt. Crtrm Administrator: *Alana Kamaka*; AUSA: *Robert Stapleton, DOJ Trial Attorney*; Def Counsel: *David Z. Chesnoff and Richard A. Schonfeld,* |

| | | |
|---|---|---|
| | | *Retained*; PTS: *Evelia Rivera*; Court Reporter/FTR #: *2:09-2:19*; Time of Hearing: *2:00 p.m.*;<br>**Defendant is present, in custody.** Mr. Stapleton is present by telephone. The Court makes preliminary statements regarding the Stipulation and Proposed Order (#12) and the pretrial services report.<br>Defense counsel informs the Court that the defendant's mother, Ms. Hui, is present in court and agrees to assume the responsibilities of a third-party custodian. The Court canvasses Ms. Hui regarding same.<br>The defendant's passport is provided to the pretrial services officer in open court.<br>Court **GRANTS** defense counsel's request to seal the defendant's address.<br>**ORDER** the defendant's place of residence shall remain under SEAL and will be redacted from the PR Bond and filed separately under seal.<br>The attorney for the government shall advise defense counsel and the Pretrial Services Agency of the date and time for the defendant's initial court appearane in Washington, D.C.<br>Defendant is released from custody after she signs the appearance bond. **(no image attached)** (Copies have been distributed pursuant to the NEF - AKK) (Entered: 08/07/2007) |
| 08/06/2007 | 14 | ORDER ON STIPULATION granting 12 Stipulation to withdraw appeal. Signed by Judge Lawrence R. Leavitt on 8/6/07. (Copies have been distributed pursuant to the NEF - AXM) (Entered: 08/07/2007) |
| 08/07/2007 | 15 | *SEALED* **SEALED** PR BOND Entered as to Michelle Wong (1) and signed by Judge Lawrence R. Leavitt on 8/6/07. (KCR) (Entered: 08/08/2007) |
| 08/07/2007 | 16 | *SEALED* **SEALED** ORDER to Seal address and phone number as to Michelle Wong. Signed by Judge Lawrence R. Leavitt on 8/7/07. (Copies have been distributed pursuant to the NEF - KCR) (Entered: 08/08/2007) |
| 08/09/2007 | 17 | USM Returned Unexecuted re 3 Commitment to Another District in case as to Michelle Wong. Defendant released on PR bond. (KCR) (Entered: 08/10/2007) |
| 08/14/2007 | 18 | TRANSMITTAL of Rule 5c documents with ceritification and original PR bond to the District of Columbia, in case as to Michelle Wong. (KCR) (Entered: 08/14/2007) |
| 08/14/2007 | | (Court only) **NON-PUBLIC** Terminated defendant Michelle Wong, pending deadlines, and motions. (KCR) (Entered: 08/14/2007) |

07/24/2007 TUE 07:12 FAX 7024645631    US PRETRIAL SERVICE    →→→ LRL    ⌀002
07/23/20.. ..:.. 08247599005

AO442(Rev. 12/85) Warrant for Arrest

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA
V.

MICHELE WONG
DOB:

**WARRANT FOR ARREST**

CERTIFICATE COPY ONLY

US MARSHALL RM

CASE NUMBER:  2:07-MJ-00460-LRL

07-307-M-01

To:    The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest    **MICHELE WONG**
Name

and bring him or her forthwith to the nearest magistrate to answer a(n)

☐ Indictment    ☐ Information    ⬛ Complaint    ☐ Order of Court    ☐ Violation Notice    ☐ Probation Violation Petition

charging him or her with (brief description of offense)

engaging or attempting to engage in a monetary transaction in criminally derived property that is of a value greater than $10,000 and is derived from specified unlawful activity constituting an offense under Title 21, United States Code, Sections 959, 960 and 963; and combine, conspire, confederate, and agree with other co-conspirators known and unknown to the Government, to commit the following offense against the United States: to engage or attempt to engage in a monetary transaction in criminally derived property that is of a value greater than $10,000 and is derived from specified unlawful activity constituting an offense under Title 21, United States Code, Sections 959, 960 and 963

in violation of Title 18 United States Code, Sections 1956(h) and 1957.

JOHN M. FACCIOLA                              JOHN M. FACCIOLA
U.S. MAGISTRATE JUDGE                         US MAGISTRATE JUDGE

Name of Issuing Officer

Jo. M. Faciola
Signature of Issuing Officer

Title of Issuing Officer

JUN 1 5 2007        District of Columbia
Date and Location

Bail fixed at $ _____ by _____
                                    Name of Judicial Officer

| RETURN |
|--------|

This warrant was received and executed with the arrest of the above-named defendant at _____

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---------------|-------------------------------------|--------------------------------|
| DATE OF ARREST | | |

07/24/2007  08:34   7027598086

Case 2:07-mj-00460-LRL-LRL    Document 2    Filed 07/24/2007    Page 2 of 15    PAGE  02/15

AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court
## For The District of Columbia

UNITED STATES OF AMERICA

CRIMINAL COMPLAINT

v.

Michele Wong
DOB:
PDID:

2:07-MJ-00460-LRL

07-307-M-01

CASE NUMBER:
(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.  On or about __from December 2005 through March 2007__ in the United States, defendant did,

unlawfully, knowingly, and intentionally to engage or attempt to engage in a monetary transaction in criminally derived property that is of a value greater than $10,000 and is derived from specified unlawful activity constituting an offense under Title 21, United States Code, Sections 959, 960 and 963; and combine, conspire, confederate, and agree with other co-conspirators known and unknown to the Government, to commit the following offense against the United States: to engage or attempt to engage in a monetary transaction in criminally derived property that is of a value greater than $10,000 and is derived from specified unlawful activity constituting an offense under Title 21, United States Code, Sections 959, 960 and 963

in violation of Title 18, United States Code, Sections 1956(h) and 1957.

I further state that I am __Special Agent Adam Lambert__, and that this complaint is based on the following facts:
SEE ATTACHED AFFIDAVIT IN SUPPORT OF COMPLAINT AND ARREST WARRANT

Continued on the attached sheet and made a part hereof:        ☒ Yes ☐ No

_____
Signature of Complainant
SPECIAL AGENT ADAM LAMBERT
DRUG ENFORCEMENT ADMINISTRATION

Sworn to before me and subscribed in my presence,

JUN 1 5 2007

Date

at    Washington, D.C.
              City and State

_____
Signature of Judicial Official

_____
Honorable John M. Facciola
U.S. Magistrate Judge

Case 1:07-mj-00307-JMF    Document 2    Filed 08/17/2007    Page 9 of 53
07/24/2007  08:34    7027598085                                    PAGE  03/15
Case 2:07-mj-00460-LRL-LRL    Document 2    Filed 07/24/2007    Page 3 of 15

## AFFIDAVIT IN SUPPORT COMPLAINT AND ARREST WARRANT

I, Adam Lambert, Special Agent, Drug Enforcement Administration, United States Department

of Justice, being duly sworn, do depose and state:

1.     I have been employed as a Special Agent (SA) with the Drug Enforcement

Administration (DEA) since December 2004 and am presently assigned to the Drug Enforcement

Administration, Las Vegas District Office. I have received several hundred hours of

comprehensive, formalized instruction in such matters as drug identification, detection, and

interdiction; money laundering techniques; and asset identification, seizure, and forfeiture.

During my career I have conducted several investigations involving the unlawful importation,

possession with intent to distribute, and distribution of controlled substances and money

laundering, in violation of Title 21, United States Code, Sections 841(a)(1), 843(b), 846, 849,

952(a), and 963, and Title 18, United States Code, Sections 2, 371, 924, 1510, 1956, and 1957.

2.     I am presently the case agent in an ongoing criminal investigation of Zhenli YE GON

related to violations of federal money laundering and drug trafficking laws. Your Affiant's

investigation commenced in March 2007.

3.     The facts set forth in this affidavit are known to me as a result of my investigation and

interview with agents and law enforcement officers. These are not all the facts known to me

throughout the course of this investigation, but rather only those that are essential to establish

probable cause for charging a complaint against Michele WONG for the federal violations listed

herein.

4.     This Affidavit is made to support a complaint charging Michele WONG with knowingly

engaging or attempting to engage in monetary transactions in criminally derived property of a

value greater than $10,000 and is derived from specified unlawful activity; and conspiring to

1

knowingly engage or attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity; all in violation of Title 18 United States Code §§ 1956 and 1957.

## PROBABLE CAUSE

5.    As a result of a joint investigation between the Drug Enforcement Administration's Mexico City Country Office and Mexican authorities into the illegal importation and diversion of precursor chemicals, primarily pseudoephedrine and ephedrine, used in the manufacturing of methamphetamine, involving Zhenli YE GON (YE GON), information on several luxury vehicles and properties in Las Vegas, Nevada, in which YE GON was listed as the lien holder was forwarded to the DEA Las Vegas District Office for follow up investigation.

6.    As the result of further investigation by the DEA Las Vegas District Office, a State of Nevada search warrant was executed at 2290 Casa Bella Court, Las Vegas, NV, on March 22, 2007. At that time, DEA Special Agent David Behar and I identified and interviewed Michelle WONG, who was the owner according to the title of the property, along with her mother Wah-Ling HUI.

7.    WONG stated that she first met YE GON in October 2004 when she was a casino host at the Mirage Hotel and Casino in Las Vegas, NV.  WONG stated that she performed host duties for YE GON while she was employed by The Mirage, and she became personal friends with YE GON during that time.  WONG stated that she was fired from The Mirage in January 2005. WONG stated that she became romantically involved with YE GON in approximately February 2005.  WONG stated that she has not held any other employment since she was fired from The Mirage (records corroborate that WONG was fired from the Mirage in January 2005).

8.    WONG stated that while romantically involved with YE GON, he gave her

2

Case 1:07-mj-00307-JMF    Document 2    Filed 08/17/2007    Page 11 of 53
07/24/2007  08:34    7027598085
Case 2:07-mj-00460-LRL-LRL    Document 2    Filed 07/24/2007    Page 5 of 15    PAGE  05/15

approximately one to one and a half million dollars over the course of their relationship. WONG stated that she used the money YE GON gave her to purchase jewelry, two Mercedes Benz, and her residence located at                                    , which was in her and her mother's name. During their relationship, WONG gave birth to a child and stated that YE GON was the father.

9.    WONG stated that in April 2005, she assisted YE GON with the purchase of equipment for his business UNIMED PHARMCHEM MEXICO, SA DE CV (hereafter referred to as UNIMED), the manufacturing plant YE GON owns in Toluca, México. This assistance included purchasing air conditioning units from York Industries and transformers from the MGM Corporation. WONG arranged to ship these items to YE GON in México, and YE GON wired her $500,000 USD to pay for the equipment. YE GON allowed WONG to keep any money left after the purchase of the equipment as a commission. WONG stated that YE GON wired the money into her Citibank account.

10.    WONG stated that around May 2006, YE GON told her that a Mexican organized crime group began blackmailing YE GON in México in March 2006. YE GON told WONG that the group told him to cooperate with them or they would kill him and his family. According to WONG, the group wanted to store cash at YE GON's residence in México City. Prior to May 2006, WONG claimed that she had believed YE GON's source of money was from UNIMED, his pharmaceutical business. YE GON told WONG that he was not personally involved in narcotics trafficking, but the people who were storing the money at his residence and threatening him were involved in narcotics trafficking.

11.    In addition to storing cash at YE GON's residence in México City, the group wanted YE GON to launder the money. YE GON told WONG that he knew the money in his house was

3

Case 1:07-mj-00307-JMF    Document 2    Filed 08/17/2007    Page 12 of 53
07/24/2007  08:34   7827598085                                    PAGE  06/15
Case 2:07-mj-00460-LRL-LRL    Document 2    Filed 07/24/2007    Page 6 of 15

"dirty money" and the proceeds of narcotics trafficking. YE GON stated to WONG that he

continually received threats against himself and his family, so he believed that he had to launder

the money. YE GON told WONG that the group instructed him to launder the money in Las

Vegas, NV, and that he should gamble with the money and purchase high value items in Las

Vegas. WONG said that YE GON would frequently receive push-to-talk telephone calls on his

Nextel cellular telephone from the traffickers with instructions on how to launder the funds. YE

GON told WONG that the traffickers instructed him to use his bank accounts to send the money

to Las Vegas where he could launder it, and that the money in YE GON's accounts at the

Venetian was drug money. WONG claims that she does not know how the money was deposited

into YE GON's accounts in México.

12.    WONG stated that in April 2006, when she purchased her residence located at

                               she used approximately $300,000 that YE GON gave her as

a down payment. In addition, WONG stated that she paid off the mortgage within three months

(July 2006) of purchasing the residence and that she again used funds YE GON had given to her

to pay off the loan with a cashier's check, despite the fact that YE GON had told her that he was

laundering money for Mexican narcotics traffickers. WONG stated that her mother also

contributed some money for the purchase of this residence, but WONG had also given her

mother some of the money YE GON had provided to her. WONG stated her mother makes

approximately $2,000.00 per month from her employment. When SA Behar and I interviewed

her mother, Wah-ling HUI, she told us that she did not contribute any money for the purchase of

the home. We did not find any documents to verify that HUI gave WONG any money towards

the purchase of the home, but was put on the title to the property for credit purposes.

13.    Title records from First American Title Company of Nevada were seized from

4

Case 1:07-mj-00307-JMF    Document 2    Filed 08/17/2007    Page 13 of 53
07/24/2007  08:34    7027598086                                                                PAGE  07/15
Case 2:07-mj-00460-LRL-LRL    Document 2    Filed 07/24/2007    Page 7 of 15

Bella Court that detailed the purchase of said property. According to these records, WONG

purchased this residence on April 24, 2006, with her mother for $1,138,000. The down payment

on this residence totaled $305,108, paid with a cashier's check. WONG and HUI obtained

$853,500 in loan financing to cover the purchase of this residence.

14.    On May 31, 2007, we uncovered public documents showing that WONG placed the

house and the land on which it sits into an irrevocable trust for the benefit of her son, Michael Ye

Wong and made HUI the trustee. A quitclaim deed dated April 26, 2007 signed by WONG and

HUI show the property was transferred to the irrevocable trust for no consideration. In the

month prior to WONG establishing the irrevocable trust, the District Court of Nevada issued

seizure warrants 2:07-MJ-00217-LRL, 2:07-MJ-00215-LRL, 2:07-MJ-00220-LRL, 2:07-MJ-

00221-LRL, 2:07-MJ-00219-LRL, 2:07-MJ-00218-LRL, and 2:07-MJ-00216-LRL for property

held by WONG that constitute proceeds derived from criminal violations discovered during this

investigation, which included two Mercedes Benz WONG purchased in October and November

2006 with money from YE GON, $6,100 in cash WONG admitted came from YE GON, and

multiple bank accounts in WONG's name and YE GON's name.

15.    WONG stated that YE GON's last visit to Las Vegas ended on approximately March 9,

2007, when he flew to Orange County, California, aboard a private jet that The Venetian Hotel

and Casino provided. According to WONG, Yihui (Alicia) ZHOU, an assistant and former

girlfriend of YE GON, accompanied YE GON on the flight. WONG believed they were going to

visit YE GON's sister-in-law in Calexico, CA. WONG said that YE GON stayed in Calexico

from March 9 through March 13.

16.    WONG stated that she spoke with YE GON via cell phone on March 13, 2007, and YE

GON said he was still in California. WONG and YE GON spoke again on March 15 when YE

5

Case 1:07-mj-00307-JMF    Document 2    Filed 08/17/2007    Page 14 of 53
07/24/2007  08:34    7027598086
Case 2:07-mj-00460-LRL-LRL    Document 2    Filed 07/24/2007    Page 8 of 15    PAGE  08/15

GON informed WONG that "something bad had happened and that his wife had been arrested in
México." According to WONG, she has not heard from YE GON since March 15, despite
numerous attempts to e-mail him. WONG also claims that YE GON's cell phone is no longer in
service and that ZHOU's phone has been disconnected. WONG claims she does not know where
to find YE GON.

17.    WONG later revealed to me that she had seen YE GON on March 15, 2007 outside of the
Westwood Hotel in Los Angeles, CA. She also admitted that she was aware of the seizure of the
money in YE GON's residence in Mexico City.

## MEXICO INVESTIGATION

18.    The U.S. DEA México City Country Office (hereafter referred to as the DEA MCCO) in
joint cooperation with the Mexican Attorney General's Office Organized Crime Unit (hereafter
referred to by its Spanish acronym "PGR/SIEDO") has been investigating the illicit importation
and diversion of precursor chemicals, particularly pseudoephedrine, by the UNIMED and its
owner, YE GON, located in México City, México.

19.    The investigation revealed that UNIMED had previously imported approximately 20
metric tons and 29.4 metric tons of "N-Methyl-Acetylamino" on December 12, 2005, and
January 6, 2006, respectively; and 37.485 metric tons of "Hydroxy-Benzyl-N-Methyl-
Acetethamine" on August 28, 2006, and September 2, 2006, into Mexico.

20.    According to documentation provided to Mexican Customs by UNIMED, N-Methyl-
Acetylamino is a pharmaceutical intermediate chemical used in analgesic product manufacture.
Hydroxy-Benzyl-N-Methyl-Acetethamine was also identified as a pharmaceutical intermediate;
however documents did not describe any specific use.

Case 1:07-mj-00307-JMF    Document 2    Filed 08/17/2007    Page 15 of 53
07/24/2007  08:34   7027598085                                        PAGE  09/15
Case 2:07-mj-00460-LRL-LRL    Document 2    Filed 07/24/2007    Page 9 of 15

21.     Based on conversations with DEA Forensic Chemists, "N-Methyl-Acetylamino" can be considered a partial chemical name; however, the chemical does not exist as it was listed on the shipping manifests nor can it be identified as an intermediate product for analgesic production. ~~Hydroxy-Benzyl-N-Methyl-Acetethamine does~~ not correspond to any known chemical.

22.     On December 5, 2006, UNIMED once again attempted to import 19.797 metric tons of Hydroxy-Benzyl-N-Methyl-Acetethamine which was flagged for inspection by Mexican Customs at the Pacific seaport of Lázaro Cárdenas, México. A sampling of the substance conducted by the Mexican Customs' Central Laboratory identified it as N-Acetylpseudoephedrine, a derivative of pseudoephedrine/ephedrine. This substance is controlled by Mexican federal health law as well as Mexican federal precursor law making it illegal for UNIMED to import.

23.     On April 26, 2007, DEA FC and SA Chavez traveled to the UNIMED manufacturing plant to analyze any chemicals or residues still present. This plant had been secured by Mexican authorities since the execution of their federal search warrant on March 15, 2007, to be discussed in detail herein. DEA FCs took samples of chemical residue found in equipment and locations throughout the site, including samples which tested positive for the presence of ephedrine. It is believed the plant was used for the production of pseudoephedrine/ephedrine using an N-Acetyl derivative as the starting material.

24.     I know based on my conversations with Mexican federal prosecutors and health officials that after 2005, UNIMED pharmaceutical did not have any authority to import, manufacture, distribute, or possess any pseudoephedrine or ephedrine related material. Based on the expert conclusions drawn by the DEA FCs and the importation records of the N-Methyl-Acetylamino and the Hydroxy-Benzyl-N-Methylacetethamine, I believe based on the mislabeling of shipments

Case 1:07-mj-00307-JMF     Document 2     Filed 08/17/2007     Page 16 of 53
07/24/2007   08:34   7027598086                                              PAGE   10/15
Case 2:07-mj-00460-LRL-LRL     Document 2     Filed 07/24/2007     Page 10 of 15

and positive results for the presence of ephedrine, that YE GON willfully intended to import a restricted chemical into México, violating Mexican law, for the express purpose of manufacturing pseudoephedrine/ephedrine, a listed chemical, as defined by Title 21 United States Code Section 802(34).

25.     In consultation and interviews with current and former advisors to the Mexican Federal Commission for the Protection Against Sanitary Risks (hereafter referred to by its Spanish acronym, "COFEPRIS"), they expressed that UNIMED, as a pharmaceutical wholesaler, did not have any legal authority to import, export, manufacture, or distribute any product containing pseudoephedrine or ephedrine.  COFEPRIS also indicated that all legitimate pharmaceutical laboratories operating in México must go through COFEPRIS to obtain permits to buy and/or sell pseudoephedrine/ephedrine.  This Commission is charged with oversight and regulatory control over all pseudoephedrine/ephedrine, imports, exports, and distribution within Mexican territory.

26.     Based on the aforementioned information, it is clear that YE GON and UNIMED intentionally imported and manufactured pseudoephedrine/ephedrine for illegal purposes due to the fact that 1) UNIMED did not have the proper authority to import, export, distribute, or posses any such product and 2) no legitimate pharmaceutical manufacturer would risk criminal liability in purchasing such products from UNIMED.  Thus, I believe these large quantities of pseudoephedrine/ephedrine from the start were destined for the only other market which would require such quantities:  the clandestine methamphetamine manufacturing market.

27.     I know based on my training, experience, and conversations with other law enforcement officials both in the United States and México, clandestine methamphetamine laboratories over the past three years have increased significantly in México while decreasing in the United States.

8

Case 1:07-mj-00307-JMF    Document 2    Filed 08/17/2007    Page 17 of 53
07/24/2007  08:34    7027598086                                            PAGE  11/15
Case 2:07-mj-00460-LRL-LRL    Document 2    Filed 07/24/2007    Page 11 of 15

This has been due to tighter international regulations on the control of precursor chemicals such as pseudoephedrine/ephedrine, and aggressive law enforcement activity in the United States against clandestine methamphetamine laboratories.

28.    In approximately 2004, the United States saw a significant increase in methamphetamine seized at the United States-México border indicating that more methamphetamine is coming from México to the United States. This coincides with Mexican intelligence which identifies a larger clandestine methamphetamine laboratory presence, including recent seizures in 2006 of the two largest clandestine methamphetamine laboratories in the Western Hemisphere.[1] Investigation into these clandestine methamphetamine laboratories identified links that conclude that methamphetamine produced there was ultimately destined for the United States. Additionally, these laboratories were located along traditional transportation routes used by Mexican traffickers to transport drugs to the United States.

29.    Also in 2004, México undertook aggressive measures to apply existing law for precursor chemicals to dampen what was suspected to be large amounts of criminal diversion, particularly that of pseudoephedrine and ephedrine for clandestine methamphetamine laboratories. While it always illegal to import and divert pseudoephedrine/ephedrine, Mexican authorities applied sections of the law that allowed only pharmaceutical laboratories, not wholesalers, access to deal in pseudoephedrine/ephedrine under tight, documented regulations. These steps created a lucrative black market for pseudoephedrine/ephedrine among methamphetamine manufacturers.

Potential Illicit Earnings

30.    I know based on my training and experience, conversations with DEA FCs, other DEA

---

[1] Both clandestine laboratories were discovered on the outskirts of Guadalajara, Jalisco, México, in January 2006 and December 2006. Combined, these laboratories were capable of producing thousands of pounds of methamphetamine on a regular basis.

9

07/24/2007  08:34    7027598085                                                    PAGE  12/15

Special Agents, and the evidence mentioned herein, that N-Acetylpseudoephedrine is a

derivative of pseudoephedrine/ephedrine that can be converted back into

pseudoephedrine/ephedrine at a conservative ratio of approximately 1:0.6 (i.e. one pound of N-

Acetylpseudoephedrine would yield 0.6 pounds of pure ephedrine). At this rate, YE GON and

UNIMED's total importations of suspected N-Acetylpseudoephedrine totaled approximately

86.885 metric tons which conservatively converts into approximately 52,240 kilograms of

pseudoephedrine/ephedrine. I also know based on my training and experience that this illegal

importation is likely to be used for the manufacture of methamphetamine. Based on my

experience, a conservative yield of methamphetamine is at least 70% of the amount of

pseudoephedrine/ephedrine used, thus potentially producing an amount of approximately 36,568

kilograms of pure methamphetamine.

31.    Furthermore, based on my training and experience and from information gathered from

other agents, I know the current black market prices for one kilogram of

pseudoephedrine/ephedrine in México is approximately $3,200 to $4,000 USD and prices for a

kilogram of methamphetamine in the United States is $17,600 to $22,000 USD. Therefore, the

suspected sale of UNIMED's illegal importations of N-Acetylpseudoephedrine could have

resulted in a monetary gain of approximately $188,064,000 USD. Anticipated future sales of

finished methamphetamine in the United States would yield approximately $724,046,400 USD.

Enforcement Activity in México

32.    In early March, PGR/SIEDO solicited and received authorization to execute federal

search warrants at YE GON's residence, UNIMED's corporate headquarters, both in México

City, and UNIMED's pharmaceutical plant, located in Toluca, México.

07/24/2007  08:34     7027598085                                        PAGE  13/15

33.     Upon execution of the search warrant at YE GON's residence, PGR/SIEDO federal

prosecutors and agents identified $205,564,763 in US Dollars; $39,010 in U.S. traveler's checks;

and another $2,000,000 US dollars worth of various foreign currencies, hidden in various

compartments, false walls, suitcases, and closets. Based on my training and experience, I know

that drug and chemical traffickers routinely collect large amounts of bulk cash from their illicit

activity and store it while the money slowly gets introduced into the legitimate market.

34.     Additionally, jewelry and luxury vehicles purchased for or by YE GON, were located and

seized, many of which included receipts indicating payment in US dollars to stores in the United

States. Furthermore, documentation from various Las Vegas, Nevada, casinos including player's

club identifications and purchases from designer stores within Las Vegas casinos were located

and seized. Seven weapons were also located and seized including multiple handguns and a fully

automatic AK-47 assault rifle, and multiple boxes of ammunition.

35.     Following the execution of the federal search warrant at UNIMED's corporate

headquarters, federal attorneys and agents located and seized an additional $111,000 USD as

well as documentation regarding several bank accounts located in the United States, China, and

Hong Kong, as well as wire transfer confirmation pages from *casa de cambios* to banks

throughout the United States and Europe.[2]

36.     Also found was a handwritten note addressed to YE GON in Spanish with the following

text, "Zhenli, I hope that you are fine, due to the detention of the flour, my associates and I had

---

[2]. *Casas de cambios* are Mexican money exchange houses which are used legitimately to convert currencies and wire money both domestic and internationally. From a law enforcement standpoint, these *casa de cambios* have been widely used by drug trafficking organizations in México and South America to insert their illegal drug proceeds into the legitimate world financial systems in an attempt to disguise the origin of the money and launder its criminal history. In this case records indicate that money brought to these exchange houses by YE GON or on his behalf were in U.S. dollars and not for exchange, but rather for wire transfers to various U.S. and European banks accounts.

11

Case 1:07-mj-00307-JMF    Document 2    Filed 08/17/2007    Page 20 of 53
07/24/2007  08:34    7027598086                                    PAGE  14/15
Case 2:07-mj-00460-LRL-LRL    Document 2    Filed 07/24/2007    Page 14 of 15

some problems and had to spend the three books that you provided us. I am fine now and have

contact with customs. Call me to work." The note contained a cellular telephone number and

was signed "Amigos".[3] SA Chavez is fluent in Spanish and can speak, read and write it, and he

provided me with this information. Based on my training and experience, I know it is common

among drug traffickers to use code words to attempt to disguise their illicit activity. Based on

my training and experience as an undercover agent and applying that expertise to this document,

I believe "flour" maybe a code word for N-Acetylpseudoephedrine seized in December 2006 and

"books" may refer to the money that YE GON had provided these individuals. The writer makes

reference to having "contact with customs", possibly referring to a cooperating individual within

customs who can facilitate future movements of illicit goods.

37.      Based on the aforementioned history of illegal precursor importations; UNIMED's

explicit intent to manufacture pseudoephedrine/ephedrine; the absence of a legitimate market for

YE GON to sell the illegally manufactured pseudoephedrine/ephedrine; the substantial potential

illicit profit earned by selling to drug traffickers; the amount of cash, luxury vehicles, jewelry,

and weapons found during the search warrants; and also based on my training and experience, I

believe Zhenli YE GON was using his company, UNIMED PHARMCHEM MEXICO, SA DE

CV, to illegally import pseudoephedrine/ephedrine derivatives to manufacture

pseudoephedrine/ephedrine in order to sell these restricted precursors to illicit methamphetamine

manufacturing organizations operating in México for ultimate distribution and consumption in

the United States.

---

[3] The original Spanish text of the note reads: *Zhenlin: Espero que se encuentre bien, a raíz de que detuvieron la harina, mis compañeros y yo tenemos algunos problemas por lo que tuvimos que gastar los tres libros que nos obsequio, ahorita ya estoy bien y tengo contacto en la aduana. Lamame para trabajar. Celular 0445529575116.* ***Atte AMIGOS"**

38.    According to records obtained from various hotels and casinos in Las Vegas, NV, YE

GON's net gambling activity from 2004 to 2007 resulted in the loss of approximately more than

$125,917,839 USD.

## CONCLUSION

39.    Based on the information in this Affidavit, I believe that probable cause exists to believe

that Michele WONG, did knowingly and intentionally combine, conspire, confederate, and agree

with other co-conspirators known and unknown to the Government, to engage in a monetary

transaction in criminally derived property of a value greater than $10,000 that is derived from a

specified unlawful activity in violation of Title 18, United States Code, Sections 1956 and 1957.


I declare under penalty of perjury that the foregoing is true and correct to the best of my

knowledge.

X _____

Adam Lambert
Special Agent
U.S. Drug Enforcement Administration

✎ AO 94  (Rev. 12/03) Commitment to Another District

# UNITED STATES DISTRICT COURT

District of _____ NEVADA

| UNITED STATES OF AMERICA<br>V.<br>MICHELE WONG | **COMMITMENT TO ANOTHER DISTRICT** |
| --- | --- |

| DOCKET NUMBER | | MAGISTRATE JUDGE CASE NUMBER | |
| --- | --- | --- | --- |
| District of Arrest | District of Offense | District of Arrest | District of Offense |
| | 07-307-M-01 | 2:07-mj-460-LRL | |

**CHARGES AGAINST THE DEFENDANT ARE BASED UPON AN**

☐ Indictment    ☐ Information    X Complaint    ☐ Other (specify)

charging a violation of                        U.S.C. §

**DISTRICT OF OFFENSE**

District of Columbia

**DESCRIPTION OF CHARGES:**

Engaging or attempting to engage in a monetary transaction in criminally derived property that is of a value greater than $10,000 and is derived from specified unlawful activity.

**CURRENT BOND STATUS:**

☐ Bail fixed at                        and conditions were not met
X Government moved for detention and defendant detained after hearing in District of Arrest
☐ Government moved for detention and defendant detained pending detention hearing in District of Offense
☐ Other (specify)

| **Representation:** | ☐ Retained Own Counsel | X Federal Defender Organization | ☐ CJA Attorney | ☐ None |
| --- | --- | --- | --- | --- |

| **Interpreter Required?** | X No | ☐ Yes | Language: |
| --- | --- | --- | --- |

**DISTRICT OF** NEVADA

## TO: THE UNITED STATES MARSHAL

You are hereby commanded to take custody of the above named defendant and to transport that defendant with a certified copy of this commitment forthwith to the district of offense as specified above and there deliver the defendant to the United States Marshal for that District or to some other officer authorized to receive the defendant.

| July 24, 2007 | _signature_ |
| --- | --- |
| Date | Judge |

**RETURN**

This commitment was received and executed as follows:

| DATE COMMITMENT ORDER RECEIVED | PLACE OF COMMITMENT | DATE DEFENDANT COMMITTED |
| --- | --- | --- |
| | | |

| DATE | UNITED STATES MARSHAL | (BY) DEPUTY MARSHAL |
| --- | --- | --- |
| | | |

AO 466A (Rev. 10/03) Waiver of Rule 5 & 5.1 Hearings

# UNITED STATES DISTRICT COURT

_____ DISTRICT OF _____ NEVADA _____

UNITED STATES OF AMERICA

v.

Michele Wong

Defendant

**WAIVER OF RULE 5 & 5.1 HEARINGS**
(Complaint/Indictment)

CASE NUMBER: MJ 2:07-mj-460--LRL

CHARGING DISTRICTS
CASE NUMBER: 07-307-m-01

I understand that charges are pending in the _____ District of Columbia

alleging violation of _____ 18 USC 1956 _____ and that I have been arrested in this district and
                              (Title and Section)

taken before a judge, who has informed me of the charge(s) and my rights to:

(1)   retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)   an identity hearing to determine whether I am the person named in the charges;

(3)   a preliminary hearing (unless an indictment has been returned or information filed) to determine whether there is probable
      cause to believe an offense has been committed by me, the hearing to be held in this district or the district of prosecution; and

(4)   Request transfer of the proceedings to this district under Rule 20, Fed. R. Crim. P., in order to plead guilty.

**I HEREBY WAIVE (GIVE UP) MY RIGHT TO A(N):**

( ✓ ) identity hearing

( ) preliminary hearing          and Detention Hearing

( ) identity hearing but request a preliminary hearing be held in the prosecuting district and, therefore, consent to the issuance of
    an order requiring my appearance in the prosecuting district where the charges are pending against me.

_____
Defendant

7/24/07
Date

_____
Defense Counsel

1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) |
| vs | ) 2:07-mj-460-LRL |
| | ) |
| MICHELE WONG, | ) ORDER APPOINTING COUNSEL AND DIRECTING THE MARSHAL |
| Defendant. | ) TO SERVE SUBPOENAS AT GOVERNMENT EXPENSE |
| | ) |

The individual named below, having testified under oath or having otherwise satisfied this Court that he (1) is financially unable to employ counsel and (2) does not wish to waive counsel, and, because the interests of justice so require, the Court finds that the Defendant is indigent, therefore;

IT IS ORDERED that the Federal Public Defender for the District of Nevada is hereby appointed to represent Defendant, **MICHELE WONG.**

IT IS FURTHER ORDERED that the Clerk issue subpoenas upon oral request and submission of prepared subpoenas by the attorneys of the office of the Federal Public Defendant, unless said subpoenas are to be served outside the State of Nevada. The cost of process, fees and expenses of witnesses so subpoenaed shall be paid as witness(es) subpoenaed on behalf of the Government. The Court is satisfied the individual is unable to pay fees and expenses of subpoenaed witness(es) and the United States Marshal shall provide such witness(es) subpoenaed advance funds for the purpose of travel within the District of

1

1   Nevada and subsistence. Any subpoenas served on behalf of the individual, the return thereon

2   to this Court shall be sealed, unless otherwise ordered.

3           IT IS FURTHER ORDERED that if counsel for the individual

4   desires subpoenas to be served outside the State of Nevada, further application pursuant to

5   Federal Rules of Criminal Procedure 17(b) shall be made to the Court, before the issuance of

6   said subpoenas.

7           DATED this 24th day of JULY, 2007.

8

9                                   UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA

v.                                      **ORDER OF DETENTION PENDING TRIAL**

<u>MICHELE WONG,</u>                    Case Number: 2:07-mj-460-LRL
    *Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

____ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense)(state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

    ____ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
    ____ an offense for which the maximum sentence is life imprisonment or death.
    ____ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____
    ____ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in
        18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

____ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

____ (3) A period of not more than five years has elapsed since the (date of conviction)(release of the defendant from imprisonment) for the offense described in finding (1)

____ (4) Finding Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings(A)**

_____ (1) There is probable cause to believe that the defendant has committed an offense
    ____ for which a maximum term of imprisonment of ten years is described in _____.
    ____ under 18 U.S.C.§924(c).

_____ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

__X__ (1) There is a serious risk that the defendant will not appear.

_____ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

    <u>The Court finds that the defendant has not been candid with the Pretrial Services Agency about her place of residence or with the criminal investigators concerning the whereabouts of a co-defendant. It appears the defendant may have secreted significant funds that could enable her to flee the country. Her potential sentence if convicted of money laundering constitutes a strong incentive to avoid prosecution in this case.</u>

————————

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing established by <u>a preponderance of the evidence that the defendant is a risk of flight and no condition or combination of conditions will reasonably assure his appearance as required.</u>

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated:    July 31, 2007    _____        _____
                                                                            *Signature of Judicial Officer*

                                                                            <u>LAWRENCE R. LEAVITT, United States Magistrate Judge</u>
                                                                            *Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*): (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*): or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955 a).

Det-ord2.wpd

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| **Plaintiff,** ) | **CR** 2:07 mj 460 LRL |
| ) | |
| **vs.** ) | **DESIGNATION OF RETAINED** |
| ) | **COUNSEL AND** |
| MICHELLE WONG, ) | **APPEARANCE PRAECIPE** |
| ) | |
| ) | |
| **Defendant.** ) | |

The undersigned defendant hereby appoints  David Z. Chesnoff

to appear generally for him as his attorney and counselor at law throughout all

proceedings in this case unless this appointment be sooner revoked.

DATED this _____ day of August _____, 20 07 .

_____
Defendant

North Las Vegas Detention Center
Address

2332 North Las Vegas Blvd.
_____

89020                    _____
ZIP                          Telephone

1

## APPEARANCE PRAECIPE

I hereby accept the foregoing appointment and request the Clerk to enter my appearance as attorney for the defendant, in response to the foregoing designation.

I personally will appear at all proceedings in this case. I understand that no other attorney may appear in my place unless prior permission is granted by the Court, and then ONLY when consent of the defendant has been obtained and filed with the Clerk.

I further state that I realize it is my responsibility to keep the defendant advised as to all proceedings in this case and to inform him/her when to appear in Court, and also to notify the Clerk of any change in my address or telephone number.

DATED this _____1st_____ day of __August_____, 20_07_.

_____
Attorney at Law - David Z. Chesnoff

520 South Fourth Street
Address

_____

Las Vegas, Nevada
_____

89101            (702) 384-5563
ZIP              Telephone

2

DAVID Z. CHESNOFF, ESQ.
Nevada Bar No. 2292
RICHARD A. SCHONFELD, ESQ.
Nevada Bar No. 6815
CHESNOFF & SCHONFELD
520 South Fourth Street
Las Vegas, Nevada 89101
Attorney for Michelle Wong

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

UNITED STATES OF AMERICA,   )
                     )
      Plaintiff,       )  Case No. 2:07-mj-460-LRL
                     )
    vs.           )  OBJECTION TO ORDER OF DETENTION/
                     )  RENEWED MOTION FOR RELEASE
MICHELLE WONG,       )
                     )
                     )
      Defendant.    )
                     )

COMES NOW, Defendant Michelle Wong, by and through her attorneys David Z.

Chesnoff, Esq., and Richard A. Schonfeld, Esq., of the law offices of Chesnoff & Schonfeld, and

hereby files this Objection to the Order of Detention/Renewed Motion for Release.

This Objection / Motion is made and based upon the attached Memorandum of

/ / /

1

1

2    Points and Authorities, the argument of counsel, and any other such evidence as may be presented

3    at the time of hearing.

4        Dated this __1ˢᵗ__ day of August, 2007.

5                                    Respectfully Submitted:

6                                    CHESNOFF & SCHONFELD

7

8

9                                    DAVID Z. CHESNOFF, ESQ.

10                                   RICHARD A. SCHONFELD, ESQ.
                                     520 South Fourth Street
11                                   Las Vegas, Nevada 89101
                                     Attorney for Defendant Michelle Wong
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
CHESNOFF & SCHONFELD
AN ASSOCIATION OF PROFESSIONAL CORPORATIONS
520 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101-6593
AREA CODE 702 • 384-5563

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

## STATEMENT OF THE LAW

The ***Bail Reform Act of 1984 (18 USC 3141, et seq.)*** is designed to permit detention of individuals who 1) the government believes to be dangerous, during times of war or insurrection; 2) potentially dangerous resident aliens, pending deportation proceedings; 3) mentally unstable individuals who present a danger to the public; 4) dangerous criminal defendants who become incompetent to stand trial; 5) juvenile arrestees, prior to trial, when they present a continuing danger to the community; 6) arrestees who are suspected of a crime, until the court determines whether probable cause exists; and 7) arrestees, prior to trial, when they present either a risk of flight or danger to the community.

As the High Court stated in **United States v. Salerno**, 41 US 739, 107 S.Ct. 2095, 95 L.Ed.2nd 697 (1987), in the United States, liberty is the norm, and detention is the carefully limited exception. See also, **United States v. Shakur**, 817 F.2d 189, 195 (2nd Cir. 1987) citing 1984 U.S. Code Cong. & Ad. News 3182, 3189. Furthermore, the High Court found that the *Act* operates only on individuals who have been arrested for particular extremely serious offenses, and carefully delineates the circumstances under which detention will be permitted. The Court found that the *Act's* extensive procedural safeguards are specifically designed to further the accuracy of the likelihood of future dangerousness determination. Indisputably, the ***Bail Reform Act of 1984*** allows a court to detain a defendant if no release conditions "will reasonably assure the appearance of the person and the safety of any other person in the community." It is only under circumstances where the court finds that no condition or combination of conditions will reasonably assure the

LAW OFFICES
CHESNOFF & SCHONOFF
AN ASSOCIATION OF PROFESSIONAL CORPORATIONS
520 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101-6593
AREA CODE 702 • 384-5563

3

appearance of the person as required and the safety of any other person in the community, that it may be reasonably deemed appropriate to order detention of the person.

The Court also addressed the issue of risk of flight. Where the government seeks to detain someone based upon a risk of flight the court has stated that bail must be set by the court at a sum designed to assure that goal, and no more, citing, **Stack v. Boyle**, 342 US 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951).

As the court reiterated in **United States v. Gebro**, 948 F.2d 1118 (9th Cir. 1981). The *Bail Reform Act* requires release of persons under the least restrictive condition or combination of conditions that will reasonably assure appearance of the person as required and safety of community.

The factors which must be considered in determining whether there are conditions of release that will reasonably assure appearance of the person and the safety of the community are 1) nature and seriousness of the offense charged; 2) weight of evidence against defendant; 3) defendant's character; 4) physical and mental condition; 5) family and community ties; 6) past conduct; 7) history relating to drug and alcohol abuse; 8) criminal history; and 9) nature and seriousness of danger to any person or community that would be posed by defendant's release; **US v. Motamedi**, 767 F.2d, at 1407.

It is also a fundamental principle of our criminal justice system that congressional action may not be interpreted to preclude or restrict the power of the judiciary to effectuate the federally guaranteed constitutional rights of an accused, pursuant to the doctrine of separation of powers. **Marbury v. Madison**, 5 U.S. 1 (1 Cranch) 137 (1803). As the United States Supreme Court stated in the leading case of **Stack v. Boyle**, 342 U.S. 1, 4, 72 S.Ct. 1, 3 (1951), fundamental Fifth

4

and Sixth Amendment values may be irreparably compromised by pretrial detention:

> From the passage of the Judiciary Act of 1789, 1 Stat. 73 91, to the present Federal Rules of Criminal Procedure, Rule 46(a)(1), federal law has unequivocally provided that <u>a person arrested for a noncapital offense shall be admitted to bail</u>. This traditional right to freedom before conviction <u>permits the unhampered preparation of a defense, and serves to prevent the infliction of punishment prior to conviction.</u> Unless the right to bail before trial is preserved, the presumption of innocence, secured only after centuries of struggle would lose its meaning. (Emphasis added).

The Ninth Circuit, in a leading bail case, has emphatically admonished that courts "bear in mind that federal law has traditionally provided that a person arrested for a noncapital offense shall be admitted to bail," **United States v. Motamedi,** 767 F.2d 1403, 1405 (9th Cir. 1985), declaring further that, "only in rare circumstances should release be denied." **Id.** at 1405. Furthermore, the Second Circuit has appropriately cautioned that courts "should bear in mind that it is only a 'limited group of offenders' who should be denied bail pending trial." **United States v. Shakur,** 817 F.2d 189, 195 (2d Cir. 1987). Most significantly, as the Court held in **Motamedi,** "[d]oubts regarding the <u>propriety of the release should be resolved in favor of the Defendants.</u>" **Motamedi, supra,** 767 F.2d at 1405 [quoting **Herzog v. United States,** 75 S.Ct. 349, 352 (1955) (Douglas J. in Chambers)](emphasis added). In fact, the **Motamedi** Court, in reference to the "Bail Reform Act" of 1984, has specifically required that pretrial detention orders must be carefully reviewed to insure that the Eighth Amendment mandate has been respected.

In **United States v. Fernandez-Alfonso, supra,** the defendant was charged with committing an offense for which a maximum term of ten years or more is prescribed by the Controlled Substances Act. The district court made a probable cause finding which triggered the

5

presumption stated in 18 U.S.C. section 3142(e) that no condition or combination of conditions will reasonably assure the appearance of the person as required. At the detention hearing, counsel for the defendant stated that the imposition of bail, daily reporting, monitoring drug and alcohol consumption, requiring prior approval to leave the county, and requiring the defendant to maintain employment would be reasonable alternatives to detention. The district court did not discuss the viability of any of these conditions, although it did make numerous findings demonstrating that the defendant posed a great risk of flight. **United States v. Fernandez- Alfonso**, concurring opinion by Judge Brunetti, 816 F.2d 477, 478 (9th Cir. 1987).

Justice Brunetti, in his concurring opinion, in **United States v. Fernandez-Alfonso** recognized that:

> A presumptively innocent defendant has a great liberty interest in avoiding pretrial detention. Thus, the district court must dispose of every alternative before ordering pretrial incarceration under the Bail Reform Act. Because Fernandez-Alfonso attempted to rebut Section 3142(e)'s presumption ... the legislative history [of the Act] requires that the district court discuss conditional release. Its failure to do so makes its finding that no conditions could be fashioned to assure Fernandez-Alfonso's appearance error.

18 U.S.C. §3142(e) states:

> [s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. (emphasis added)

The Defendant submits that the presumptions established in 18 U.S.C. §3142 are nothing more than a burden shifting mechanism:

> The Committee believes that it is appropriate in such circumstances that the burden shift to establish a basis for concluding that there are conditions of

6

LAW OFFICES
CHESNOFF & SCHONFELD
AN ASSOCIATION OF PROFESSIONAL CORPORATIONS
520 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101-6593
AREA CODE 702 · 384-5563

release sufficient to assure that he will not again engage in dangerous criminal activity pending his trial. Report of the Committee of Judiciary, United States Senate, S.Rep.No.225, 98th Cong., 1st Sess. (1984), hereinafter (Senate Report), at 19.

It is clear that the rebutable presumptions shift only the burden of production to the defendant, the Government retains the burden of persuasion. **See, United States v. Martir**, 782 F.2d 1141 (2nd Cir. 1986); **United States v. Carbone**, 793 F.2d 559 (3rd Cir. 1986); **United States v. Portes**, 786 F.2d 758 (7th Cir. 1986). To rebut the presumption of dangerousness, the defendant has only the burden of "coming forward." **United States v. Martir, supra**, 782 F. 2d at 1144.

Additionally, it is clear that the Government must establish that no condition or combination of conditions of release would reasonably assure the safety of the community by clear and convincing evidence. **See, 18 U.S.C. 1342(f); United States v. Salerno** 481 U.S. ___, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987); **United States v. Walker**, 808 F.2d 1309 (9th Cir. 1987); and **United States v. Kouyoumdjian** 601 F.Supp. 1506 (CD Cal 1985).

Here, conditions of bond do exist that will reasonably assure the appearance, compliance with all court orders, and non-dangerousness to the community at large for Ms. Wong. These conditions will be discussed below. It must be emphasized that in enacting the "reasonably assure" standard, Congress merely "codified existing authority to detain persons who are serious flight risks." S.Rep. No.98-255, 98th Cong. 2d Sess. 4,, reprinted in 1984 U.S. Code Cong. And Admin. News, 3182, 3201. The "existing authority" at that time was exemplified by **United States v Ramirez**, 589 F. Supp. 137 (D. Minn 1984); **United States v. Schiavo**, 587 F.2d 532 (1st Cir. 1978).

7

LAW OFFICES
CHESNOFF & SCHONFELD
AN ASSOCIATION OF PROFESSIONAL CORPORATIONS
520 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101-6593
AREA CODE 702 • 384-5563

Recognizing this very principle, the Court, in **United States v. Meinster**, 481 F. Supp. 1117 (S.D. Fla. 1979), held that to revoke bond based upon likelihood of flight "The United States must demonstrate by the totality of the circumstances ... that there is no reasonable assurance that the defendant will continue to appear for trial and at sentencing..." Id. at 1122. See also **United States v. Motamedi**, 767 F.2d 1403 (9th Cir. 1985) (not only should doubts regarding the propriety of release be resolved in favor of the defendant, but that "only in rare circumstance should release be denied").

## II.

## CONDITIONS CAN BE FASHIONED THAT WILL PROVIDE THE NECESSARY ASSURANCES THAT MS. WONG WILL APPEAR FOR TRIAL

The Honorable Judge Leavitt found that Ms. Wong is a risk of flight. Accordingly, it is that assessment that will be addressed herein.

Ms. Wong was raised in San Francisco, California, and has been a resident of Las Vegas since 1995. Ms. Wong attended Clark High School in Las Vegas, she has a child that resides in Las Vegas, her mother lives in Las Vegas, and she has a stable and consistent employment history in Las Vegas. Ms. Wong has worked at the Duty Free Store on Las Vegas Boulevard, she has worked at NOS Telecommunications on Boulder Highway, and from October of 1999 through August of 2004, she was employed at the American Dental Lab. Thereafter, she obtained employment with Mirage Resorts as the assistant to a Casino Host.

Ms. Wong is an American citizen. Ms. Wong has never resided in Mexico and is willing to surrender her passport. Ms. Wong further suggests that any concerns that this Honorable Court may have regarding risk of flight can be alleviated with conditions such as pretrial supervision,

8

electronic monitoring, and third party custody with her mother being the custodian. Ms. Wong can also be directed to report daily to her pretrial officer. Ms. Wong's mother will travel with Ms. Wong to Washington, D.C., when directed to do so for any Court appearance in this matter.

### III.

### PRETRIAL SERVICES REPORT AND RECOMMENDATION

Pretrial Services expressed their concern that Ms. Wong was not forthright in her statement regarding her residency. It should be noted that Ms. Wong had not yet been appointed counsel, has no criminal record and was unfamiliar with this process, and she was afraid that any information she provided could become public record.

The address provided by Ms. Wong is in fact her address; however, recently Ms. Wong has not resided at that address as a result of the publicity surrounding the underlying case herein. Ms. Wong had previously expressed to the DEA agents that she feared the public being aware of her home address in light of the fact that she has a child in common with Mr. Ye Gon, he is alleged to be a wealthy person, and the newspaper accounts suggest that there are dangerous drug dealers involved who may do her and her family harm.

It is also significant to note that Ms. Wong had been in constant contact with the government agents over the past several months. On March 22, 2007, the DEA seized three automobiles that belonged to Ms. Wong and provided a notice of Seizure to her on or about April 20, 2007. On or about May 24, 2007, Ms. Wong made a Claim Contesting Forfeiture with the DEA. On or about June 20, 2007, the DEA sent notice to Ms. Wong that those claims had been accepted and the matter was referred to the United States Attorney for the Civil Division in the District of Nevada. See Exhibit A. On or about April 3, 2007, the Department of the Treasury

9

1    seized bank accounts belonging to Ms. Wong. A claim was made related to those accounts on or

2    about May 24, 2007.

3

4    Since the time of those seizures Ms. Wong has been in communication with the DEA

5    agents regarding return of her property. In fact, when the DEA planned on arresting Ms. Wong on

6    the instant case they contacted her and advised her that she could retrieve certain computers that

7    had been seized. Ms. Wong voluntarily met with the DEA agents at which time she was arrested.

8    The above described transactions demonstrate that Ms. Wong is abiding by the judicial

9    process, was aware that an investigation was ongoing, and was easily accessible to the DEA

10   agents. Those facts demonstrate that she is not a risk of flight and that conditions can be fashioned

11

12   to alleviate any concern that this Honorable Court may have.

13                                      **VII.**

14                                **CONCLUSION**

15

16   Ms. Wong has demonstrated that conditions can be fashioned which will insure her

17   appearance in Court and her non-dangerousness to the community at large.

18   It should also be noted that Ms. Wong was arrested on or about July 24, 2007, by way of

19

20   a Complaint. Since that time her alleged co-defendant has been charged by way of Indictment in

21   Washington, D.C. Ms. Wong was **not named** in that Indictment. On information and belief, Ms.

22   Wong remains unindicted.

23   The factors as outlined in **US v. Motamedi, supra,** all demonstrate that release of the

24   Defendant is appropriate herein. To be specific, Ms. Wong has demonstrated that she has strong

25

26   family and community ties, she has absolutely no history of drug or alcohol abuse, she has no

27

28                                       10

LAW OFFICES
CHESNOFF & SCHONFELD
AN ASSOCIATION OF PROFESSIONAL CORPORATIONS
520 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101-6593
AREA CODE 702 • 384-5563

1  criminal history, she has not been indicted, and she has proposed conditions that will insure that

2  she is not a risk of flight.

3

4      In light of the foregoing, it is respectfully submitted that Ms. Wong should be released

5  under the above described conditions to voluntarily answer the charges in Washington, D.C.

6      DATED this ___1ˢᵗ___ day of August, 2007.

7

8          Respectfully Submitted:

9          CHESNOFF & SCHONFELD

10

11         DAVID Z. CHESNOFF, ESQ.
           RICHARD A. SCHONFELD, ESQ.
12         520 South Fourth Street
           Las Vegas, Nevada 89101
13         Attorneys for Defendant Michelle Wong

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28              11

LAW OFFICES
CHESNOFF & SCHONFELD
AN ASSOCIATION OF PROFESSIONAL CORPORATIONS
520 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101-6593
AREA CODE 702 • 384-5563

# EXHIBIT A

# UNITED STATES OF AMERICA

# V.

# MICHELLE WONG

# CASE NO. 2:07-mj-460-LRL

# EXHIBIT "A"



**U. S. Department of Justice**
Drug Enforcement Administration
Office of Operations Management

---

*www.dea.gov*

JUN 2 0 2007

Michele Wong

| ASSET ID NUMBER | CASE NUMBER | PROPERTY DESCRIPTION |
|---|---|---|
| 07-DEA-481701 | R5-07-0041 | 2004 Lamborghini Murcielago |
| 07-DEA-481704 | | 2007 Mercedes Benz S-550 |
| 07-DEA-481705 | | 2007 Mercedes Benz GL 450 |
| **JUDICIAL DISTRICT:** | **District of Nevada** | |

Dear Claimant:

The Drug Enforcement Administration (DEA) has received your claim and/or petition regarding the above-referenced asset. The following information is provided:

**XX**   Your claim has been accepted and this matter has been referred to the United States Attorney for the Civil Division in the judicial district noted above. Please direct all inquiries regarding this matter to that office. **Please note that DEA is not the processing agency for the other assets that are mentioned in your claim.**

_____   Your claim and petition have been accepted and this matter has been referred to the United States Attorney for the Civil Division in the judicial district noted above. Please direct all inquiries regarding this matter to that office.

_____   Your petition, which was previously acknowledged, is now being handled by the United States Attorney for the Civil Division in the judicial district noted above. Please direct all inquiries regarding this matter to that office.

_____   Your claim for the above referenced property is being **returned** because it was received **in this office** after the last date to file, which was _____.

A

-2-

_____ Petitions for Remission and/or Mitigation of forfeiture may be filed until the date the property is disposed of according to law.  Since you submitted a petition along with your claim, this office will administratively rule on your petition.  It is anticipated that this process will take a minimum of **120 days** before a decision can be rendered on the merits of the petition. Please be assured that all petitions are handled on a "**first-in, first-out**" basis.

_____ Although you did **not** file a Petition for Remission and/or Mitigation along with your claim, as a matter of discretion, we will allow you **twenty (20) days** from the date of receipt of this letter to file a petition for an administrative ruling by this office before the property is disposed of according to law.  Please note that your petition must be sworn to under penalty of perjury. For your ready reference, the acceptable language required by statute is as follows:

"I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.  Executed on (date) (Signature)".

Please ensure that **all documents and correspondence regarding this matter reference the DEA asset identifier and case numbers noted above** and, unless otherwise directed, be addressed to the Forfeiture Counsel, Asset Forfeiture Section, Drug Enforcement Administration, HQ's Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475.  Correspondence sent via private delivery must be sent to the Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, Virginia 22301.

Sincerely,

Asset Forfeiture Section
Office of Operations Management

**CLAIM.ACKNOWLEDGE.LETTER (JAN. 02)**          **BY:  NSS AD CODE #: 920**

'08/06/07  11:33 FAX 2025145522                    ASSET FORFEITURE                              002
AUG. 6. 2007  7:33AM  Case 2:07-mj-00460-LRL-LRL   Document 12   Filed 08/06/2007   Page 1 of 4
                     DAVID CHESNOFF                                    NO. 8504   P. 2/5

<table>
<tr><td>1</td><td>DAVID Z. CHESNOFF, ESQ.</td></tr>
</table>

1  DAVID Z. CHESNOFF, ESQ.
2  RICHARD A. SCHONFELD, ESQ.
   CHESNOFF & SCHONFELD
3  520 South Fourth Street
   Las Vegas, Nevada 89101
4  Tel: (702) 384-5563
   Fax: (702) 598-1425
5
   Attorneys for Defendant
6

7                IN THE UNITED STATES DISTRICT COURT
                        DISTRICT OF NEVADA
8
   UNITED STATES OF AMERICA,
9                    Plaintiff,            Case No. 2:07-mj-460-LRL
10 v.
   MICHELLE WONG,
11
                     Defendant.
12
13              STIPULATION AND PROPOSED ORDER
14
15     Comes Now, Defendant Michelle Wong, by and through her undersigned counsel of record
   David Z. Chesnoff, Esq., and Richard A. Schonfeld, Esq., and the United States of America, by
16
   and through its counsel of record, Robert Stapleton, Trial Attorney United States Department of
17
   Justice, and hereby stipulate as follows:
18
   1.    Defendant Michelle Wong withdraws her appeal of the Magistrate Judge's Order of
19
          Detention that was entered on July 24, 2007.  Said appeal was assigned case number 2:07-
20
          cv-1024-JCM-LRL in the United States District Court for the District of Nevada;
21
   2.    That the Detention hearing of Michelle Wong be re-opened;
22
   3.    Michelle Wong is to be released on a personal recognizance bond with the following
23
          conditions of release:
24
   a.     Supervision by the United States Pretrial Services office for the District of Nevada;
25
   b.     House Arrest and electronic monitoring through the United States Pretrial Services Office
26
          House Arrest component;
27
   c.     Ms. Wong is to reside at the residence that has been approved by the United States Pretrial
28

LAW OFFICES
CHESNOFF & SCHONFELD
AN ASSOCIATION OF PROFESSIONAL CORPORATIONS
520 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101-6593
AREA CODE 702 · 384-5563

1  Services office, with all other occupants of said home first being approved by the United

2  States Pretrial Services office.  The residential address, and names of the other individuals

3  that may occupy the home with Ms. Wong, shall be provided to the Court under seal.  Ms.

4  Wong is to obtain permission from Pretrial Services prior to any change in residences;

5  d.    Ms. Wong is released to the third party custody of her mother Wahling Hui. Ms. Hui has

6        agreed to be the third party custodian and will be required to report to the Court or United

7        States Pretrial Services any breach of the conditions of release outlined herein;

8  e.    Ms. Wong is to seek and maintain employment.  Ms. Wong must notify Pretrial Services in

9        the event of a change in employment;

10  f.    Ms. Wong's travel is restricted to Clark County, Nevada, and to the District of Columbia

11        for Court purposes, including consultation with her attorneys;

12  g.    Ms. Wong is to surrender her Passport to the United States Pretrial Services Office and is

13        prohibited from obtaining a new passport or other foreign travel document, absent further

14        Order from the Court;

15  h.    Ms. Wong is to pay the costs associated with the house arrest program and electronic

16        monitoring;

17  i.    Ms. Wong is to appear in the United States District Court for the District of Columbia, as

18        Ordered by said Court;

19  4.    Defendant Wong further agrees to waive time limits for appearance in Washington, D.C.,

20        by fourteen days from August 7, 2007, her originally ordered appearance date;

21        IT IS SO STIPULATED.

22        Dated this __6th__ day of August, 2007.

23

24  Respectfully Submitted;

25  DAVID Z. CHESNOFF, ESQ.              ROBERT STAPLETON, ESQ.
26  RICHARD A. SCHONFELD, ESQ.          TRIAL ATTORNEY
    CHESNOFF & SCHONFELD                DEPARTMENT OF JUSTICE
27  520 South Fourth Street             1400 New York Avenue, N.W.
    Las Vegas, Nevada 89101             Bond Building
28  Tel: (702) 384-5563                 Washington, D.C. 20005
    Fax: (702) 598-1425                 Tel: (202) 514-9247
                                        Fax: (202) 514-5522

LAW OFFICES
CHESNOFF & SCHONFELD
AN ASSOCIATION OF PROFESSIONAL CORPORATIONS
520 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101-6593
AREA CODE 702 · 384-5563

LAW OFFICES
CHESNOFF & SCHONFELD
AN ASSOCIATION OF PROFESSIONAL CORPORATIONS
520 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101-6593
AREA CODE 702 • 384-5563

## ORDER

This Honorable Court having approved the Stipulation of the parties hereto, hereby Orders as follows:

1.    Defendant Michelle Wong's appeal of the July 24, 2007, Detention Order which was assigned Case Number 2:07-cv-1024-JCM-LRL, is withdrawn;

2.    The Detention hearing of Michelle Wong in the instant case is re-opened;

3.    Michelle Wong is hereby released on a personal recognizance bond with the following conditions of release:

a.    Supervision by the United States Pretrial Services office for the District of Nevada;

b.    House Arrest and electronic monitoring through the United States Pretrial Services office House Arrest component;

c.    Ms. Wong is to reside at the residence that has been approved by the United States Pretrial Services office, with all other occupants of said home first being approved by the United States Pretrial Services office. The residential address, and names of the other individuals that may occupy the home with Ms. Wong, shall be provided to the Court under seal. Ms. Wong is to obtain permission from Pretrial Services prior to any change in residences;

d.    Ms. Wong is released to the third party custody of her mother Wahling Hui. Ms. Hui has agreed to be the third party custodian and will be required to report to the Court or United States Pretrial Services any breach of the conditions of release outlined herein;

e.    Ms. Wong is to seek and maintain employment. Ms. Wong must notify Pretrial Services in the event of a change in employment;

f.    Ms. Wong's travel is restricted to Clark County, Nevada, and to the District of Columbia for Court purposes, including consultation with her attorneys;

g.    Ms. Wong is to surrender her Passport to the United States Pretrial Services Office and is prohibited from obtaining a new passport or other foreign travel document, absent further Order from the Court;

h.    Ms. Wong is to pay the costs associated with the house arrest program and electronic monitoring;

08/06/07  11:35 FAX 2025145522          ASSET FORFEITURE
AUG. 6. 2007  7:34AM    DAVID CHESNOFF                    NO. 8504    P.  5/5

1

i.    Ms. Wong is to appear in the United States District Court for the District of Columbia, as

2    Ordered by said Court;

.3
4.    The Court finds that Defendant Wong has waived time limits for appearance in

4    Washington, D.C., by fourteen days from August 7, 2007, her originally ordered

5    appearance date;

6

7    **IT IS SO ORDERED.**

8    Dated this _____ day of August, 2007.

9

10                                    THE HONORABLE MAGISTRATE JUDGE
11                                    LAWRENCE LEAVITT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
CHESNOFF & SCHONFELD
AN ASSOCIATION OF PROFESSIONAL CORPORATIONS
520 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101-6593
AREA CODE 702 • 384-5563

DAVID Z. CHESNOFF, ESQ.
RICHARD A. SCHONFELD, ESQ.
CHESNOFF & SCHONFELD
520 South Fourth Street
Las Vegas, Nevada 89101
Tel: (702) 384-5563
Fax: (702) 598-1425

Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

                Plaintiff,

v.

MICHELLE WONG,

                Defendant.

Case No. 2:07-mj-460-LRL
     2:07-cv-1024-JCM-LRL

## STIPULATION AND PROPOSED ORDER

Comes Now, Defendant Michelle Wong, by and through her undersigned counsel of record David Z. Chesnoff, Esq., and Richard A. Schonfeld, Esq., and the United States of America, by and through its counsel of record, Robert Stapleton, Trial Attorney United States Department of Justice, and hereby stipulate as follows:

1.    Defendant Michelle Wong withdraws her appeal of the Magistrate Judge's Order of Detention that was entered on July 24, 2007.  Said appeal was assigned case number 2:07-cv-1024-JCM-LRL in the United States District Court for the District of Nevada;

2.    That the Detention hearing of Michelle Wong be re-opened;

3.    Michelle Wong is to be released on a personal recognizance bond with the following conditions of release:

a.    Supervision by the United States Pretrial Services office for the District of Nevada;

b.    House Arrest and electronic monitoring through the United States Pretrial Services Office House Arrest component;

c.    Ms. Wong is to reside at the residence that has been approved by the United States Pretrial

Services office, with all other occupants of said home first being approved by the United
States Pretrial Services office.  The residential address, and names of the other individuals
that may occupy the home with Ms. Wong, shall be provided to the Court under seal.  Ms.
Wong is to obtain permission from Pretrial Services prior to any change in residences;

d.   Ms. Wong is released to the third party custody of her mother Wahling Hui.  Ms. Hui has
agreed to be the third party custodian and will be required to report to the Court or United
States Pretrial Services any breach of the conditions of release outlined herein;

e.   Ms. Wong is to seek and maintain employment.  Ms. Wong must notify Pretrial Services in
the event of a change in employment;

f.   Ms. Wong's travel is restricted to Clark County, Nevada, and to the District of Columbia
for Court purposes, including consultation with her attorneys;

g.   Ms. Wong is to surrender her Passport to the United States Pretrial Services Office and is
prohibited from obtaining a new passport or other foreign travel document, absent further
Order from the Court;

h.   Ms. Wong is to pay the costs associated with the house arrest program and electronic
monitoring;

i.   Ms. Wong is to appear in the United States District Court for the District of Columbia, as
Ordered by said Court;

4.   Defendant Wong further agrees to waive time limits for appearance in Washington, D.C.,
by fourteen days from August 7, 2007, her originally ordered appearance date;

IT IS SO STIPULATED.

Dated this ___6ᵗʰ___ day of August, 2007.

Respectfully Submitted:

DAVID Z. CHESNOFF, ESQ.
RICHARD A. SCHONFELD, ESQ.
CHESNOFF & SCHONFELD
520 South Fourth Street
Las Vegas, Nevada 89101
Tel: (702) 384-5563
Fax: (702) 598-1425

ROBERT STAPLETON, ESQ.
TRIAL ATTORNEY
DEPARTMENT OF JUSTICE
1400 New York Avenue, N.W.
Bond Building
Washington, D.C. 20005
Tel: (202) 514-9247
Fax: (202) 514-5522

LAW OFFICES
CHESNOFF & SCHONFELD
AN ASSOCIATION OF PROFESSIONAL CORPORATIONS
520 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101-6593
AREA CODE 702 • 384-5563

Case 1:07-mj-00307-JMF    Document 2    Filed 08/17/2007    Page 49 of 53
08/06/07  11:34 FAX 2025145522         ASSET FORFEITURE                    ☑004
    Case 2:07-mj-00460-LRL-LRL    Document 14    Filed 08/06/2007    Page 3 of 4
AUG.  6. 2007  7:33AM    DAVID CHESNOFF                        NO. 8504  P. 4/5

## ORDER

This Honorable Court having approved the Stipulation of the parties hereto, hereby Orders as follows:

1.  Defendant Michelle Wong's appeal of the July 24, 2007, Detention Order which was assigned Case Number 2:07-cv-1024-JCM-LRL, is withdrawn;

2.  The Detention hearing of Michelle Wong in the instant case is re-opened;

3.  Michelle Wong is hereby released on a personal recognizance bond with the following conditions of release:

a.  Supervision by the United States Pretrial Services office for the District of Nevada;

b.  ~~House Arrest~~ [home confinement component (LRL)] and electronic monitoring through the United States Pretrial Services office ~~House Arrest~~ [home confinement component (LRL)] component;

c.  Ms. Wong is to reside at the residence that has been approved by the United States Pretrial Services office, with all other occupants of said home first being approved by the United States Pretrial Services office. The residential address, and names of the other individuals that may occupy the home with Ms. Wong, shall be provided to the Court under seal. Ms. Wong is to obtain permission from Pretrial Services prior to any change in residences;

d.  Ms. Wong is released to the third party custody of her mother Wahling Hui. Ms. Hui has agreed to be the third party custodian and will be required to report to the Court or United States Pretrial Services any breach of the conditions of release outlined herein;

e.  Ms. Wong is to seek and maintain employment. Ms. Wong must notify Pretrial Services in the event of a change in employment;

f.  Ms. Wong's travel is restricted to Clark County, Nevada, and to the District of Columbia for Court purposes, including consultation with her attorneys;

g.  Ms. Wong is to surrender her Passport to the United States Pretrial Services Office and is prohibited from obtaining a new passport or other foreign travel document, absent further Order from the Court;

h.  Ms. Wong is to pay the costs associated with the ~~house arrest program~~ [home confinement component (LRL)] and electronic monitoring;

LAW OFFICES
CHESNOFF & SCHONFELD
AN ASSOCIATION OF PROFESSIONAL CORPORATIONS
520 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101-6593
AREA CODE 702 • 384-5563

i.       Ms. Wong is to appear in the United States District Court for the District of Columbia, as
         Ordered by said Court;

4.       The Court finds that Defendant Wong has waived time limits for appearance in
         Washington, D.C., by fourteen days from August 7, 2007, her originally ordered
         appearance date;

**IT IS SO ORDERED.**

Dated this ___6th___ day of August, 2007.

THE HONORABLE MAGISTRATE JUDGE
LAWRENCE LEAVITT

LAW OFFICES
CHESNOFF & SCHONFELD
AN ASSOCIATION OF PROFESSIONAL CORPORATIONS
520 SOUTH FOURTH STREET
LAS VEGAS, NEVADA 89101-6593
AREA CODE 702 • 384-5563

AO 94 (Rev. 12/03) Commitment to Another District

# UNITED STATES DISTRICT COURT

District of _____ NEVADA

2007 AUG -9   A ⊦ 30

| UNITED STATES OF AMERICA | **COMMITMENT TO ANOTHER** |
| V. | **DISTRICT** |
| MICHELE WONG | |

| DOCKET NUMBER | | MAGISTRATE JUDGE CASE NUMBER | |
| District of Arrest | District of Offense | District of Arrest | District of Offense |
| | 07-307-M-01 | 2:07-mj-460-LRL | |

**CHARGES AGAINST THE DEFENDANT ARE BASED UPON AN**

☐ Indictment    ☐ Information    X Complaint    ☐ Other (specify)

charging a violation of    U.S.C. §

**DISTRICT OF OFFENSE**

District of Columbia

**DESCRIPTION OF CHARGES:**

Engaging or attempting to engage in a monetary transaction in criminally derived property that is of a value greater than $10,000 and is derived from specified unlawful activity.

**CURRENT BOND STATUS:**

☐ Bail fixed at _____ and conditions were not met
X Government moved for detention and defendant detained after hearing in District of Arrest
☐ Government moved for detention and defendant detained pending detention hearing in District of Offense
☐ Other (specify)

| **Representation:** | ☐ Retained Own Counsel | X Federal Defender Organization | ☐ CJA Attorney | ☐ None |
| **Interpreter Required?** | X No | ☐ Yes | Language: | |

**DISTRICT OF NEVADA**

## TO: THE UNITED STATES MARSHAL

You are hereby commanded to take custody of the above named defendant and to transport that defendant with a certified copy of this commitment forthwith to the district of offense as specified above and there deliver the defendant to the United States Marshal for that District or to some other officer authorized to receive the defendant.

| July 24, 2007 | _____ |
| Date | Judge |

**RETURN**

This commitment was received and executed as follows:    *unexecuted*

| DATE COMMITMENT ORDER RECEIVED | PLACE OF COMMITMENT | DATE DEFENDANT COMMITTED |
| *defendant released* | | |
| DATE | UNITED STATES MARSHAL | (BY) DEPUTY MARSHAL |
| | *on bond* | |

CLOSED

# United States District Court
## District of Nevada (Las Vegas)
### CIVIL DOCKET FOR CASE #: 2:07-cv-01024-JCM-LRL
### Internal Use Only

Wong v. United States of America
Assigned to: Judge James C. Mahan
Referred to: Magistrate Judge Lawrence R. Leavitt
Case: 2:07-mj-00460-LRL-LRL-1

Date Filed: 08/01/2007
Date Terminated: 08/07/2007
Jury Demand: None
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

**Appellant**

**Michelle Wong**

represented by **David Z. Chesnoff**
520 S. Fourth St.
Las Vegas, NV 89101-
702-384-5563
Fax: 702-598-1425
Email: dzchesnoff@gcklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard A Schonfeld**
520 S. 4th St.
Las Vegas, NV 89101-
702-384-5563
Fax: 702-
Email: rschonfeld@gcklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Appellee**

**United States of America**

represented by **Kimberly M Frayn**
U.S. Attorney's Office
333 Las Vegas Blvd So
Suite 5000
Las Vegas, NV 89101-
Email: kimberly.frayn@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| | | |

| 08/01/2007 | ◑ | Case assigned to Judge James C. Mahan and Lawrence R. Leavitt. (ASB) (Entered: 08/02/2007) |
| 08/01/2007 | ◑1 | Notice of APPEAL OF MAGISTRATE JUDGE CASE (# 2:07-MJ-00460-LRL) by Michelle Wong filed by Michelle Wong. (Attachments: # 1 Exhibit A)(ASB) (Entered: 08/02/2007) |
| 08/02/2007 | ◑3 | RECEIPT of Payment of Appeal Fee re 1 Notice of Appeal of Magistrate Case: $ 32.00, receipt number 101525 (KCR) (Entered: 08/08/2007) |
| 08/07/2007 | ◑2 | ORDER DISMISSING Appeal. Signed by Judge Lawrence R. Leavitt on 8/6/07. (Copies have been distributed pursuant to the NEF - AXM) (Entered: 08/07/2007) |